UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

TATIANA HERNANDEZ ESCALONA, and
ERNESTO PALOMINO, individually,

    Plaintiffs,

vs.

PORKY'S CABARET INC. d/b/a BELLAS
CABARET, a Florida Corporation, JAMES
TUNDIDOR JR., and DULCE
TUNDIDOR, individually.

    Defendants.
_____/

# **COMPLAINT**

COMES NOW, the Plaintiffs, TATIANA HERNANDEZ ESCALONA, and ERNESTO PALOMINO by and through the undersigned counsel, (hereinafter as "Plaintiffs"), hereby bring this action against the Defendants, PORKY'S CABARET INC., d/b/a BELLAS CABARET, a Florida Corporation, JAMES TUNDIDOR JR., and DULCE TUNDIDOR, individually, (hereinafter collectively referred to as "Defendants"), for willful violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter referred to as the "FLSA") and for willful violations of Article X, Section 24 of the Florida Constitution and implementing legislation at Florida Statutes § 448.110 (hereinafter referred to as the "Florida Minimum Wage Act"). Plaintiffs seek unpaid minimum wages, unpaid overtime wages, liquidated damages, reasonable attorney's fee and costs from Defendants.

**JURISDICTION**

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* and Article X, Section 24 of the Florida Constitution and implementing legislation at the Florida Minimum Wage Act, Florida Statutes § 448.110. The Court has jurisdiction over this claim per the dictates of the FLSA and the Florida Minimum Wage Act.

**VENUE**

2. Venue is proper in the United States District Court in and for Southern District of Florida as the unlawful practices alleged herein took place in Miami-Dade County, Florida and because violations of both State and Federal Law have been alleged.

3. Defendant, PORKY'S CABARET INC., d/b/a BELLAS CABARET, is a self-proclaimed "Adult Entertainment Venue," and a Florida corporation whose primary place of business is in Hialeah, Miami-Dade County, Florida and who transacts business in Miami-Dade County, Florida.

4. Defendant, JAMES TUNDIDOR JR. is an individual and resident of Miami-Dade County, Florida. JAMES TUNDIDOR JR. is also the Vice President of PORKY'S CABARET INC., d/b/a BELLAS CABARET and the President of TUNDIDOR INC., d/b/a EROTICA CABARET.

5. Defendant, DULCE TUNDIDOR, is an individual and resident of Miami-Dade County, Florida. DULCE TUNDIDOR is also the President of PORKY'S CABARET INC., d/b/a BELLAS CABARET.

6. The willful, numerous, violations of State and Federal Law alleged herein, occurred in Hialeah, Miami-Dade County, Florida, venue therefore, properly lies in this Court.

## **PARTIES**

7. Plaintiff, TATIANA HERNANDEZ ESCALONA, is an individual residing in the County of Miami-Dade, State of Florida. Plaintiff became employed and hired by Defendants in April of 2016 and worked for all named Defendants until approximately March of 2020.

8. Plaintiff, ERNESTO PALOMINO, is an individual residing in the County of Miami-Dade, State of Florida. Plaintiff became employed and hired by Defendants in 2013 and worked for Defendants until approximately July of 2021.

9. At all times material, Plaintiffs were employees of Defendants within the meaning of the FLSA and the Florida Minimum Wage Act.

10. Defendant, PORKY'S CABARET INC., d/b/a BELLAS CABARET, is a Florida corporation formed and existing under the laws of the State of Florida and at all times during Plaintiffs' employment, Defendant was an employer as defined by 29 U.S.C. §203(d) and per the terms of the Florida Minimum Wage Act.

11. Defendant, JAMES TUNDIDOR JR., is an individual, and at all times during Plaintiffs' employment, Defendant was a 'person' and 'employer' as defined by 29 U.S.C. §203(d) and per the terms of the Florida Minimum Wage Act.

12. Defendant, DULCE TUNDIDOR, is an individual, and at all times during Plaintiffs' employment, Defendant was a 'person' and 'employer' as defined by 29 U.S.C. §203(d) and per the terms of the Florida Minimum Wage Act.

13. Plaintiffs were employees of said Defendants and at all times relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

14. Throughout Plaintiffs employment with said Defendants, Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

15. At all times material, Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendants having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA. Alternatively, Plaintiffs and those employees similarly situated worked in interstate commerce so as to fall within the protections of the Act.

16. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201- 209, in that Plaintiffs and those similarly situated to Plaintiffs performed services for Defendants for which no provision were made by the Defendants to properly pay Plaintiffs for those hours worked in excess of Forty (40) hours within a work week.

17. Plaintiffs regularly worked in excess of Forty (40) hours in one or more work week during Plaintiffs' employment with Defendants.

18. However, Defendants did not pay time and a half wage for all of the overtime hours worked by Plaintiffs, nor did they pay the minimum wage.

19. The records, to the extent that any exist now, or have ever existed, concerning the number of hours worked and amounts paid to Plaintiffs, are in the possession and custody of Defendants.

**COUNT I**
**TATIANA HERNANDEZ ESCALONA'S FEDERAL MINIMUM WAGE CLAIM AGAINST ALL NAMED DEFENDANTS**

20. Plaintiff, TATIANA HERNANDEZ ESCALONA, realleges and incorporates herein

the allegations contained in paragraphs 1-19.

21. Plaintiff, TATIANA HERNANDEZ ESCALONA, is entitled to be paid at a rate of at least the minimum wage for each hour worked in each work week.

22. The Defendants willfully violated Section 6 and Section 15 of the Fair Labor Standards Act by failing to compensate the Plaintiff, TATIANA HERNANDEZ ESCALONA, at a rate equal to the federal minimum wage requirement for work performed while employed by Defendants.

23. As a result of the intentional, willful, and unlawful acts of Defendants, Plaintiff, TATIANA HERNANDEZ ESCALONA, has suffered damages plus incurring costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, TATIANA HERNANDEZ ESCALONA, demands judgment against the Defendants, jointly and severally, for the following:

a. Unpaid minimum wages found to be due and owing;

b. An additional amount equal to the minimum wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. A reasonable attorney's fee and costs; and

e. Such other relief as the Court deems just and equitable.

### COUNT II
### TATIANA HERNANDEZ ESCALONA'S RECOVERY OF OVERTIME COMPENSATION
### RE: ALL NAMED DEFENDANTS

24. Plaintiff, TATIANA HERNANDEZ ESCALONA, re-alleges and incorporates herein

the allegations contained in paragraphs 1-19.

25.     Plaintiff, TATIANA HERNANDEZ ESCALONA, is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess for Forty (40) hours per work week.

26.     By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff, TATIANA HERNANDEZ ESCALONA, has suffered damages plus incurring costs and reasonable attorney's fees.

27.     As a result of Defendants' willful violations of the Act, Plaintiff, TATIANA HERNANDEZ ESCALONA, is entitled to liquidated damages.

28.     Plaintiff, TATIANA HERNANDEZ ESCALONA, has retained the undersigned counsel to represent her in this action and agreed to pay their counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff, TATIANA HERNANDEZ ESCALONA, demands judgment against the Defendants, jointly and severally, for the following:

a.     Unpaid overtime wages found to be due and owing;

b.     An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

c.     A reasonable attorney's fee and costs; and

d.     Such other relief as the Court deems just and equitable.

## COUNT III
## VIOLATIONS OF THE FLORIDA MINIMUM WAGE ACT RE: TATIANA HERNANDEZ ESCALONA VERSUS ALL NAMED DEFENDANTS

29.  Plaintiff, TATIANA HERNANDEZ ESCALONA, re-alleges and incorporates herein the allegations contained in paragraphs 1-19.

30.  Plaintiff, TATIANA HERNANDEZ ESCALONA, is entitled to be paid at least the Florida Minimum Wage rate for each hour/week worked during her employment with Defendants.

31.  Specifically, Plaintiff, TATIANA HERNANDEZ ESCALONA, was not paid the proper minimum wage, as required by the Florida Minimum Wage Act.

32.  Defendants willfully failed to pay the Plaintiff, TATIANA HERNANDEZ ESCALONA, minimum wages for one or more weeks during her employment contrary to the Florida Minimum Wage Act.

33.  Plaintiff, TATIANA HERNANDEZ ESCALONA, has complied with all statutory prerequisites to bringing this claim pursuant to the Florida Minimum Wage Act, including by providing proper statutory notice prior to asserting this claim.

34.  More than 15 days have elapsed since Plaintiff's service of the notice and no compensation was paid to Plaintiff TATIANA HERNANDEZ ESCALONA.

35.  As a direct and proximate result of Defendants' deliberate underpayment, and non-payment, of wages, Plaintiff, TATIANA HERNANDEZ ESCALONA, has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

36.  Plaintiff, TATIANA HERNANDEZ ESCALONA, is entitled to an award of damages in an amount equal to the applicable Florida Minimum Wage, an equal amount as liquidated

damages, costs incurred and attorney's fees and other relief pursuant to the Florida Minimum Wage Act.

WHEREFORE, Plaintiff, TATIANA HERNANDEZ ESCALONA, demands judgment against the Defendants, jointly and severally, for the following:

a. Unpaid Florida Minimum Wages found to be due and owing;

b. An additional amount equal to the minimum wages found to be due and owing as liquidated damages;

c. A reasonable attorney's fee and costs; and

d. Such other relief as the Court deems just and equitable.

## COUNT IV
### ERNESTO PALOMINO'S FEDERAL MINIMUM WAGE CLAIM AGAINST ALL NAMED DEFENDANTS

37. Plaintiff, ERNESTO PALOMINO, realleges and incorporates herein the allegations contained in paragraphs 1-19.

38. Plaintiff, ERNESTO PALOMINO, is entitled to be paid at a rate of at least the minimum wage for each hour worked in each work week.

39. The Defendants willfully violated Section 6 and Section 15 of the Fair Labor Standards Act by failing to compensate the Plaintiff, ERNESTO PALOMINO, at a rate equal to the federal minimum wage requirement for work performed while employed by Defendants.

40. As a result of the intentional, willful and unlawful acts of Defendants, the Plaintiff, ERNESTO PALOMINO, has suffered damages plus incurring costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, ERNESTO PALOMINO, demands judgment against the Defendants, jointly and severally, for the following:

  f.  Unpaid minimum wages found to be due and owing;

  g.  An additional amount equal to the minimum wages found to be due and owing as liquidated damages;

  h.  Prejudgment interest in the event liquidated damages are not awarded;

  i.  A reasonable attorney's fee and costs; and

  j.  Such other relief as the Court deems just and equitable.

## COUNT V
### ERNESTO PALOMINO'S RECOVERY OF OVERTIME COMPENSATION AGAINST ALL NAMED DEFENDANTS

41. Plaintiff, ERNESTO PALOMINO, re-alleges and incorporates herein the allegations contained in paragraphs 1-19.

42. Plaintiff, ERNESTO PALOMINO, is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess for Forty (40) hours per work week.

43. By reason of the said intentional, willful and unlawful acts of Defendants, the Plaintiff, ERNESTO PALOMINO, has suffered damages plus incurring costs and reasonable attorney's fees.

44. As a result of Defendants', willful violations of the Act, Plaintiff, ERNESTO PALOMINO, is entitled to liquidated damages.

45. Plaintiff, ERNESTO PALOMINO, has retained the undersigned counsel to represent him in this action and agreed to pay their counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff, ERNESTO PALOMINO, demands judgment against the Defendants, jointly and severally, for the following:

e. Unpaid overtime wages found to be due and owing;

f. An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

g. A reasonable attorney's fee and costs; and

h. Such other relief as the Court deems just and equitable.

## COUNT VI
### VIOLATIONS OF THE FLORIDA MINIMUM WAGE ACT RE: ERNESTO PALOMINO VERSUS ALL NAMED DEFENDANTS

46. Plaintiff, ERNESTO PALOMINO, re-alleges and incorporates herein the allegations contained in paragraphs 1-19.

47. Plaintiff, ERNESTO PALOMINO, is entitled to be paid at least the Florida Minimum Wage rate for each hour/week worked during his employment with Defendants.

48. Specifically, Plaintiff, ERNESTO PALOMINO, was not paid the proper minimum wage, as required by the Florida Minimum Wage Act.

49. Defendants, willfully failed to pay the Plaintiff, ERNESTO PALOMINO, minimum wages for one or more weeks during his employment contrary to the Florida Minimum Wage Act.

50. Plaintiff, ERNESTO PALOMINO, has complied with all statutory prerequisites to bringing this claim pursuant to the Florida Minimum Wage Act, including by providing proper statutory notice prior to asserting this claim.

51. More than 15 days have elapsed since Plaintiff's service of the notice and no

compensation was paid to Plaintiff ERNESTO PALOMINO.

52. As a direct and proximate result of Defendants' deliberate underpayment, and non-payment, of wages, Plaintiff, ERNESTO PALOMINO, has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

53. Plaintiff, ERNESTO PALOMINO, is entitled to an award of damages in an amount equal to the applicable Florida Minimum Wage, an equal amount as liquidated damages, costs incurred and attorney's fees and other relief pursuant to the Florida Minimum Wage Act.

WHEREFORE, Plaintiff, ERNESTO PALOMINO, demands judgment against the Defendants, jointly and severally, for the following:

e. Unpaid Florida Minimum Wages found to be due and owing;

f. An additional amount equal to the minimum wages found to be due and owing as liquidated damages;

g. A reasonable attorney's fee and costs; and

h. Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

54. Plaintiffs demand a jury trial on all issues so triable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY _____ , a true and correct copy of the foregoing was furnished via service with the summons on these Defendants or otherwise by waiver of service pursuant to FRCP 4.

 

LAW OFFICES OF BRANDON L. CHASE, P.A,
*Attorney for Plaintiffs*
2800 Ponce de Leon Blvd., Suite 1100
Coral Gables, Florida 33134
(305) 677-2228- Telephone
(305) 677-3232–Facsimile
brandon@chasejustice.com
By: /s/ *Brandon L. Chase*\_\_\_
Brandon L. Chase, Esq.
FLORIDA BAR #: 90961

LAW OFFICES OF DAVID J. GILLIS, P.A.
*Attorney for Plaintiffs*
110 SE 6th Street, Suite 2150
Fort Lauderdale, Florida 33301
(954) 507-5772 – Telephone
(954) 208-0635–Facsimile
dgillis@justicesouthflorida.com

By: /s/ David J. Gillis_____
David J. Gillis, Esq.
FLORIDA BAR #: 0068839

APELLANIZ LAW, P.A.
*Attorney for Plaintiffs*
1700 E. Las Olas Blvd., Suite 207
Fort Lauderdale, Florida 33301
(954) 533-2903- Telephone
(954) 533-2903–Facsimile
apellanizlaw@gmail.com

By: /s/ Hugo Apellaniz\_\_\_
Hugo Apellaniz, Esq.
FLORIDA BAR #: 006